UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-682-RJC

| | |
|---|---|
| JORGE GALEAS, JR., )<br>    (also known as "Jorge Gevara") )<br>)<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>AARON ALLEN DAVID et al., )<br>)<br>    Defendants. )<br>)  | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of All Documents Filed in this Action and to Direct All Documents to the Proper Official, (Doc. No. 6), Plaintiff's Motion for Discovery, (Doc. No. 7), and Plaintiff's "Affidavit of Fact and Objection to Order for Prisoner Trust Account Statement," (Doc. No. 9).

**I.  DISCUSSION**

This is one of at least twelve civil rights actions that Plaintiff has filed in this court.[1] The Court has already dismissed six of these actions, and on November 28, 2012, the Court entered an Order in one of Plaintiff's cases, noting that it was Plaintiff's third strike under 28 U.S.C. § 1915(g). Galeas v. Previtire, 3:11-cv-582 (W.D.N.C. Nov. 28, 2012). In the current, pending case filed by Plaintiff, this Court entered an Order on November 13, 2012, instructing Plaintiff to file an Administrative Remedy Statement within twenty days. The Order stated that if Plaintiff failed to file the Statement within twenty days the Court would dismiss this action. (Doc. No. 8).

---

[1] In some of the actions, Plaintiff has identified himself as Jorge Galeas, Jr. Plaintiff is identified as "Jorge Gevara" by the North Carolina Department of Public Safety.

Plaintiff did not file an Administrative Remedy Statement within the twenty-day period. Instead, Plaintiff filed an "Affidavit of fact and objection to Order for Prisoner Trust Account Statement," in which Plaintiff presents a wholly frivolous argument for failure to file an Administrative Remedy Statement. Plaintiff states that the Court's Order regarding the Administrative Remedy Statement was "issued from the wrong court because Plaintiff has never delivered his pleading to be filed in the U.S. District Court but in the District Court." (Doc. No. 9 at 2). Plaintiff further states that the Court's Order constitutes mail fraud and violates the federal Foreign Sovereign Immunities Act, the Universal Declaration of Human Rights, various sections of the Uniform Commercial Code, and "the Tenth Commandment of the Holy Bible." (Id. at 3; 4).

The contentions in Plaintiff's affidavit and objection to the Court's Order requiring him to file an Administrative Remedy Statement are typical of the frivolous arguments that Plaintiff has made in numerous filings in this Court. The Court duly warned Plaintiff in its prior Order that failure to file an Administrative Remedy Statement would result in dismissal of this action, and Plaintiff has not even attempted to articulate a plausible reason for his failure to file such statement. Therefore, the Court will dismiss this action.

## II. CONCLUSION

Because Plaintiff did not file his Administrative Remedy Statement within the deadline to do so, the Court will dismiss this action.

**IT IS, THEREFORE, ORDERED** that:

(1) This action is **DISMISSED** with prejudice.

(2) Plaintiff's Motion for Reconsideration of All Documents Filed in this Action and to Direct All Documents to the Proper Official, (Doc. No. 6), and Plaintiff's Motion for Discovery, (Doc. No. 7), are **DENIED** as moot.

(3) The Clerk is instructed to terminate this case.

Signed: December 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge